O’Donnell, J.,
concurring in part and dissenting in part.
{¶ 30} Although I concur in the majority’s determination that the Public Utilities Commission of Ohio violated R.C. 4903.09 by failing to sufficiently explain the basis for its decision, I dissent from the decision to remand this case to the commission. I would adhere to the Public Utilities Commission’s obligation to set forth the reasons for its decisions and to comply with the corporate separation plan statute by permitting Duke Energy Ohio, Inc. (“Duke”) to offer nonelectric products or services to its customers only through a fully separated affiliate.
{¶ 31} R.C. 4928.17(A) states in pertinent part:
[N]o electric utility shall engage in this state, either directly or through an affiliate, * * * in the businesses of supplying a noncompetitive retail electric service and supplying a product or service other than retail electric service, unless the utility implements and operates under a corporate separation plan that is approved by the public utilities commission under this section * * * and achieves all of the following:
*519 (1) The plan provides, at minimum, for the provision of * * * the nonelectric product or service through a fully separated affiliate of the utility* * *.
{¶ 32} In accordance with the statute, I would issue an order directing Duke to amend its corporate separation plan to require that it provide nonelectric products or services to its customers through a fully separated affiliate of the utility.